JOHN R. CRANE *ads.* THE ELIZABETH LIBRARY ASSOCIATION.

1. Where a writing purports to be a voluntary subscription, signed by those willing to contribute for the erection of a building for a library, reading room, and large hall or lecture room for the accommodation of the city, and by which it is proposed to raise a certain amount in shares of a specified sum, and states that those signing it agree to take the shares set opposite their respective names, it is not an agreement to take shares in the stock of a corporation.

2. Parol evidence cannot be offered to show that it was intended to be such a subscription of stock.

3. If an agreement to take shares of stock does not designate the person who is to receive the money, the agreement is imperfect on its face.

---

This cause came before the court on the following state of the case.

This is an action of *assumpsit* brought in the court below to recover one hundred and twenty-five dollars, with interest, of the defendant, as a subscriber for five shares of the capital stock of the Elizabeth Library Association.

On the trial the act of incorporation of the Elizabeth Library Association was proved.

The plaintiffs offered in evidence a book containing the words and figures following, viz.:

"Elizabeth, December 2d, 1856.

It is proposed to raise the sum of twenty thousand dollars, in shares of twenty-five dollars each, to erect suitable buildings for a public library and reading rooms, with which shall be connected a large hall or lecture room for the accommodation of the city. To aid in carrying out the plan, the undersigned do agree to take the number of shares opposite their respective names. No subscription to be binding until the above amount is subscribed. Five dollars on each share shall be due when the full sum of twenty thousand dollars is subscribed, and the balance be payable in quarterly payments, beginning on the first day of April next, it being understood that the amount must be subscribed by the twenty-fifth of December, in order to secure the property that has been purchased by individuals for the object proposed." To this book several names were subscribed for certain shares, among others the name of the defendant, John R. Crane, five shares.

The defendant, by his counsel, objected to its admission as evidence, whereupon the plaintiffs, by their counsel, offered to prove by parol testimony that the said book and writing were a subscription to the stock of the Elizabeth Library Association, to which parol testimony the defendant, by his counsel objected, which objection was overruled by the court.

The plaintiffs further proved that they had erected a large and commodious building, adapted to the purposes of a library and suitable for a public library and reading rooms, with which is connected a large hall or lecture room; and parts of the building are rented for stores, public meetings, and various other objects, and that a large room is being fitted up for a library, and some books procured for that purpose.

It was further proved that stock to the amount of

twenty thousand dollars was subscribed by the twenty-fifth of December, 1856.

The verdict was rendered for the plaintiffs for the amount claimed, subject to the decision of the court.

Judgment was entered upon the verdict, and the judge before whom the cause was tried certified to this court as follows: I do hereby certify to the justices of the Supreme Court the following points:

*First.* Whether parol testimony is admissible to show the character and object of the book to which the defendant had subscribed his name.

*Secondly.* Whether, upon the subscription or agreement contained in the said book, the plaintiff is entitled to recover the amount subscribed by him.

Argued before the Chief Justice, and Justices OGDEN, VREDENBURGH, and BROWN.

*R. S. Green,* for defendant.

*Magie* and *Williamson,* for plaintiffs.

The opinion of the court was delivered by

The CHIEF JUSTICE.   Two questions have been certified for our advisory opinion.

1. Whether parol evidence was properly admitted to show that the book and writing were a subscription to the stock of the Elizabeth Library Association.

2. Whether, upon the subscription or agreement contained in the said book, the plaintiffs were entitled to recover the amount subscribed by defendant.

The subscription was in a book which did not appear, by any writing in it, to belong to the plaintiffs; it was dated long after the plaintiffs were incorporated.

No allusion is made in the book or paper either to the plaintiffs or their stock, or to any provisions of their charter, nor is the word stock contained in it.

The paper purports to be a voluntary subscription, to be signed by those willing to contribute to the erection of suitable buildings for a public library and reading rooms, and a large hall or lecture room, for the accommodation of the city. Twenty-five thousand dollars was to be raised in shares of twenty-five dollars each; and the paper stated that, to aid in carrying out the plan, the undersigned did agree to take the number of shares opposite their respective names.

No person was designated to receive the money subscribed: in that respect the agreement is imperfect on its face.

The rule that parol evidence is inadmissible to alter the terms of a written agreement, is of universal application; so far as the writing goes it is to control. But it is said that where the writing is incomplete on its face, and does not appear to embody the whole agreement of the parties, that the omitted stipulations may be proved by parol; and it was argued, by the counsel for the plaintiffs, that upon this principle it was competent to prove that the shares subscribed were those of the library association.

The rule in question is highly salutary, nay necessary to the security of the rights of parties. Where the parties have by a written paper, purporting to be complete on its face, that is to be a full agreement, undertaken to define the whole nature and extent of their agreement, parol evidence ought not to be admitted to add a single stipulation, or vary the legal effect of those contained in it, although by mistake the parties have omitted to insert some term which may be necessary to its completeness, and thus left it inoperative for ambiguity or uncertainty.

The whole question seems one of intention. If the intention of the parties was that the paper should be the repository of their contract in all its parts, parol evidence was inadmissible to add to it a missing stipulation or to show a contract inconsistent with the writing.

Where an entire verbal contract has been entered into,

and in part execution of its terms, written papers have been signed by either of the parties, which on their face are fragmentary, and do not purport to be an entire and complete contract, the parol contract is not held to be merged in them, but may, notwithstanding their existence, still be proved. *Park* v. *Miller*, 3 *Dutcher* 340, and cases there cited ; 2 *Pars. on Con.* 75 ; *Miller* v. *Travers*, 8 *Bingham* 244 ; *Sanderson* v. *Piper*, 5 *Bing. N. C.* 425 ; *Potter* v. *Hopkins*, 25 *Wend.* 419 ; *Barnes* v. *Perrine*, 9 *Barb.* 219 ; 3 *Cow. & Hill's note to Phil. Ev., note* 295, and cases there cited.

If parol. evidence was admissible in this case, I am not able to see in what cases it is to be excluded. The writing was intended to be complete and to embody the whole agreement. It was not a part execution of an entire parol agreement which preceded it, and which the parties did not intend to supplant by the writing. Whatever uncertainty there may be in its terms was the result of carelessness in the drafts made, and is not caused by intentional incompleteness.

By the terms of the subscription, the obligation of the defendant to pay money is stated, and the general object to which it was to be applied also appears. But it does not appear that he intended to become the purchaser of the shares of the stock of the corporation, or in any way to subject himself to the responsibilities of a stockholder, or his money to be disposed of according to the directions of the charter.

The effect of the paper was to subject him to the consequences of a donation to the purposes indicated in the paper, in company with those who might subscribe with him, as persons who associate together for such a purpose without an incorporation.

The effect of the evidence was to convert such an engagement into a subscription to the stock of an existing corporation, and to subject his investment to the control

of a board of directors, to be disposed of without his consent.

The subscription shows no obligation to pay money to the plaintiffs for stock subscribed by him in their corporation, and I think parol evidence was not competent to show such an obligation. That would be making a new agreement in conflict with the written agreement. None of the cases relied upon by the plaintiffs' counsel, in which parol evidence has been admitted, go the length of permitting an obligation to be created by parol evidence different from that contained in the writing.

In the view I have taken of the case, the plaintiff having no right of action on the agreement, it is unnecessary to consider the question whether there was a sufficient consideration to support it.

The cases cited of donations for literary and charitable purposes, where work has been done or money expended on the faith of the subscription, do not apply to this case. The ground on which this action must rest is, that plaintiff became the purchaser of the stock of the corporation; if he did not, he was not liable to the plaintiffs; if he did, he was.